The Court,
however, determined, that the former settlement was not conclusive ; and that, by the words of the act, it was intended, new auditors should be appointed, ex tempore, upon the plea of want of assets, (a)

 In Kohr v. Fedderhaff, 4 S. & R. 248, it was held, that a settlement of an administration account, in the orphans’ court, was not conclusive, in an action for a distributive share. So, in Miller v. Young, 2 Id. 518, it was held, that a settlement in the orphans’ court, made after the commencement of the action, which was for a legacy, was not conclusive upon the plaintiff; but the court declined to decide whether such settlement would have been conclusive, if made befm'e the commencement of the suit. See also, as to the effect of such settlements, McCullough v. Montgomery, 7 S. & R. 31; McGrew’s Appeal, 14 Id. 396; Sutton v. Connelly, 1 Bro. app’x lxiv.; McPherson v. Cunliffe, 11 S. & R. 431; Blount v. Darrah, 14 Id. 184, in note.